IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00789-CMA-BNB

NAN J. BAUMANN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

---

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 10).

Plaintiff argues that this case should be remanded to state court because Defendant

failed to establish the complete diversity of parties as required for diversity jurisdiction.

Plaintiff also contends that remand is warranted because Defendant failed to comply

with the procedural requirements of removal as set forth by 28 U.S.C. § 1446(a), and

failed to file a current docket sheet 14 days of the Notice of Removal as required by

D.C.COLO.LCivR 81.1.  (Doc. # 10 at 2.)   For the following reasons, Plaintiff's Motion is

denied.

## I.  BACKGROUND

Plaintiff, a ninety-year old woman, was severely injured while crossing a street in

Denver, Colorado when she was hit by an uninsured motorist.  Plaintiff alleges that, as a

result of this accident, she was confined to either a hospital or nursing/rehabilitation

center for approximately four months and incurred medical bills for treatment in excess

of $200,000.  Plaintiff alleges that she was an insured of Defendant under three

separate policies of automobile liability insurance that also provided underinsured

motorist benefits in the amount of $300,000.  Plaintiff further alleges that Defendant

unreasonably delayed the evaluation of her claim and ultimately offered her only

$22,000, which was an unreasonable under-evaluation of her claim.  (Doc. # 2.)

Plaintiff filed a Complaint in Colorado State court on February 24, 2011 and

Defendant was served with the Complaint on March 8, 2011.  Defendant filed its original

Notice of Removal on March 28, 2011 (Doc. # 1), pursuant to 28 U.S.C. § 1332, which

provides for diversity jurisdiction.   Defendant attached a Summons dated March 7,

2011, the Complaint, and the District Court Civil Cover Sheet to the Notice.  However,

Defendant failed to attach copies of all state court papers to the Notice as required by

28 U.S.C. § 1446(a), nor did it file a current docket sheet within 14 days as required by

D.C.COLO.LCivR 81.1(B).

On April 27, 2011, the same day that Plaintiff filed the instant Motion, Defendant

filed an Amended Notice of Removal with the omitted state court papers.  Defendant

also filed the a current docket sheet.  (Doc. ## 8, 9.)  Although Defendant filed its

original Notice of Removal within the 30-day time period for removal, the Amended

Notice was filed after expiration of that time period, and the current docket sheet was

filed after the expiration of the 14-day time period set forth in Local Rule 81.1(B).

## II.  LEGAL STANDARD

A defendant may remove a state civil action "to the district court of the United

States for the district and division embracing the place where such action is pending"

when the federal district court has original jurisdiction over the matter.  28 U.S.C.

§ 1441(a).  The party invoking federal jurisdiction bears the burden of proving that such

jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Thus, when

a defendant removes a case from state court asserting the existence of diversity

jurisdiction, that removing defendant must establish that the jurisdictional requirements

of 28 U.S.C. § 1332 have been met.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284,

1290 (10th Cir. 2001).  Removal statutes are construed strictly, and any doubts about

the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve*

*Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982) (citing *Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 108-09 (1941)).  "Moreover, there is a presumption against

removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

## III.  DISCUSSION

### A.      DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

Pursuant to Article III of the United States Constitution, Congress has vested

jurisdiction in the federal courts "over controversies between citizens of different states."

*Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000).  The diversity statute

provides that "[t]he district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . .

citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "complete

diversity," *i.e.*, no plaintiff may be the citizen of a state of which any defendant is also

a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

For the purposes of diversity jurisdiction, "state citizenship is the equivalent of domicile."

*Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  A person's domicile is defined as

the place in which the party resides and has an intent to remain indefinitely, as of the

time of the filing of the lawsuit.  *See id.*  Although residence is not the equivalent of

citizenship because it does not necessarily encompass the intent to remain indefinitely,

a person's "place of residence is *prima facie* the domicile."  *See State Farm Mut. Auto*

*Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

It is undisputed that Defendant is a Wisconsin corporation.  After the Motion to

Remand was filed, Plaintiff's counsel conceded that Plaintiff is a citizen of Colorado

in an email message to Defendant's counsel.[1]  (Doc. #11-2.)  Thus, the parties are

completely diverse.  Plaintiff nonetheless maintains that Defendant, as the removing

party, may not rely on this concession and instead must affirmatively establish Plaintiff's

---

[1]   Defendant attached the email message to its Response, rather than to its Notice of
Removal.  Although the existence of diversity must be established by either the face of the
complaint or by the notice of removal, *see Laughlin*, 50 F.3d at 873, it is still appropriate for
the Court to consider this email message as evidence.  As Plaintiff acknowledges, 28 U.S.C.
§ 1653 permits parties to amend "defective allegations of jurisdiction" after the expiration of
the thirty-day period for removal set forth in § 1446(b).  *See Moody v. Commercial Ins. Co.*,
753 F. Supp. 198, 201 (N.D. Tex. 1990).  It would be a pointless and formalistic exercise for
the Court to require Defendant to amend its notice to include this email message when the
evidence is already before the Court.

state of citizenship.[2]  (Doc. # 16 at 4.)  Although it is the removing party's burden to

establish that jurisdiction is proper, Plaintiff's counsel's concession is strong evidence

that the parties are diverse.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir.

2008) (finding that correspondence from plaintiff's attorney that the amount in

controversy might exceed $75,000 was relevant evidence in determining whether

defendant had met its burden); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799

(7th Cir. 2003) (finding that a complaint merely alleging residency was defective but

did not require dismissal because the defendant had conceded citizenship).

In addition to the concession, the factual averments in the Complaint and the

Civil Cover Sheet show that Plaintiff is at least a resident of Colorado.  Plaintiff alleged

that the accident occurred after she had left **her apartment**, located at 1375 High

Street, Denver, Colorado.  (Doc. # 2, ¶ 3) (emphasis added.)   Plaintiff also provided a

Colorado Springs, Colorado address as her current address in the Complaint.  (*Id.* at 7).

The Civil Cover Sheet lists Plaintiff's county of residence as El Paso, Colorado.  (Doc.

# 1-4.)  Although these facts are technically evidence of residency as opposed to

citizenship, this is not fatal to jurisdiction.  *See Dyer*, 19 F.3d at 520.  An individual's

---

[2]   Plaintiff also argues that Defendant's Notice is defective because it fails to affirmatively allege diversity of citizenship between the parties.  *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("allegations supporting diversity jurisdiction must be pleaded affirmatively").  However, the Notice alleges that "Plaintiff is now, and at the time of the commencement of this action was, **a citizen** and resident of the State of Colorado." (Doc. # 1 at 2) (emphasis added).  Thus, the Court is not confronted with a situation where the pleading itself is deficient.  *Cf. Okland Oil*, 92 F. App'x at 608 (requiring the plaintiffs to amend complaint where it only alleged residency and there was no evidence in the record from which the court could determine citizenship).

place of residence creates a presumption of continuing residence in that state and puts

"the burden of coming forward with contrary evidence on the party seeking to prove

otherwise."  *Dyer*, 19 F.3d at 519; *see also Nat'l Inspection & Repairs, Inc., v. George S.*

*May Int'l Co.*, 202 F.Supp. 2d 1238 (D. Kan. 2002) ("The place where a person lives is

assumed to be his domicile unless the evidence establishes the contrary.").  Plaintiff has

not provided any contrary evidence that she is not domiciled in Colorado or that she is

domiciled in Wisconsin.  In short, there exists sufficient evidence to assure this Court

that it possesses diversity jurisdiction.

**B.      PROCEDURAL DEFECTS IN NOTICE OF REMOVAL**

The statute governing procedures for removal, 28 U.S.C. § 1446(a), provides that

a removing defendant must file "**all** process, pleadings, and orders served upon" it as

part of its Notice of Removal.  (emphasis added).  Here, the Notice of Removal failed to

include all state court papers as required by § 1446(a) and a current docket sheet as

required by D.C.COLO.LCivR 81.1(B).  After the thirty-day time period for removal had

expired, Defendant supplemented its original and timely Notice of Removal to include

the omitted papers.  (Doc. ## 8, 9.)

Plaintiff notes that other courts in this district have strictly construed and enforced

the § 1446(a) procedural requirements.  *See, e.g., Kinateder v. Am. Family Mut. Ins.*

*Co. of Wis.*, No. 08-cv-02263, 2009 WL 539668, at *2 (D. Colo. Mar. 4, 2009)

(remanding where defendant did not attach all state court papers within the thirty-day

removal period).  However, the plethora of cases cited by Plaintiff no longer appear to

be good law in this Circuit.  In *Countryman v. Farmers Insurance Exchange*, the Tench

Circuit reversed a district court decision to remand a case where a removing defendant

had failed to attach a co-defendant's summons.  In doing so, the Circuit expressly

adopted the majority rule that "a removing party's failure to attached [sic] the required

state court papers to a notice of removal is a mere procedural defect that is curable."

639 F.3d 1270, 1272 (10th Cir. 2011) (*per curiam*).  Furthermore, the Circuit also held

that such procedural defects may be cured either before or after the expiration of the

thirty-day removal period.  *Id.*  In accordance with *Countryman*, this Court finds that

Defendant's failure to attach all state court papers was a "minor procedural defect" that

did not prejudice Plaintiff or obstruct this Court's ability to proceed with the case.  *See*

*id.* at 1273.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand to State District

Court (Doc. # 10) is DENIED.  Each party shall bear their own costs and fees

associated with this motion.

DATED:  July   12  , 2011

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge