**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00789-CMA-BNB

NAN J. BAUMANN,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE EXPERT
AND TO SUPPLEMENT EXPERT DISCLOSURE**

---

This matter is before the Court on Plaintiff's Emergency Motion for Leave to Substitute Expert and to Supplement Expert Disclosure Pursuant to Federal Rule of Civil Procedure Rule 26 (Doc. # 110), filed on December 29, 2011.  For the following reasons, Plaintiff's Motion is granted.

This case is set for trial on January 30, 2012.  In preparation for trial, Plaintiff retained Richard Hodges as an expert witness.  Mr. Hodges prepared an initial report, a supplemental report, and was deposed by Defendant.  Unfortunately, Mr. Hodges died in his sleep on December 27, 2011.  In light of Mr. Hodges' death, Plaintiff requests leave to substitute Professor Garth Allen as an expert witness in place of Mr. Hodges, and to supplement its expert witness disclosure with a report from Professor Allen.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any expert witnesses and their expert witness reports.  The purpose of Rule 26(a) is to promote full disclosure of the facts and to prevent trial by ambush.  *See Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009).   In this case, the Amended Scheduling Order required that discovery be completed before November 15, 2011, approximately 75 days before trial.  (Doc. # 80.)   Mr. Hodges was deposed on October 26, 2011.  Plaintiff did not disclose its intent to have Professor Allen testify until the instant motion, and has not yet submitted an expert witness report from him.  When a party fails to provide the information required in Rule 26(a)(2), that information should be excluded "unless the failure is substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

In this case, the late disclosure of Professor Allen is substantially justified because of Mr. Hodges' untimely and unexpected death.[1]  *See Morel* 259 F.R.D. at 20 ("Death of an expert witness falls squarely within the category of circumstances that require a late disclosure"); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, No. 86-2457, 1991 WL 205961, at *2 (D. Kan. Sept. 23, 1991) (unpublished) (preventing the defendant from substituting expert witness after original witness had died could "result in manifest

---

[1] The Tenth Circuit has instructed that the following factors should guide this Court's discretion in determining whether a Rule 26(a) violation is justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

injustice."); *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 169 F.R.D. 632, 637 (N.D. Ill. 1996).

Although Defendant concedes that there is no bad faith or willfulness on Plaintiff's part, Defendant contends that Plaintiff should be prohibited from substituting Professor Allen for Mr. Hodges because such a substitution will be prejudicial to Defendant. Defendant proposes that a "fair remedy" would be for Plaintiff to use Mr. Hodges' deposition testimony. The Court does not find this to be a "fair remedy" because Mr. Hodges was only cross-examined during his deposition and so Plaintiff would be deprived of the ability to conduct a direct examination of Mr. Hodges. Additionally, Plaintiff would be prejudiced because a jury would likely find a live witness more compelling and credible than a dry recitation of deposition testimony.

Alternatively, Defendant requests a continuance of the trial date. Plaintiff is opposed to such a continuance because she is 91 years old and has a life expectancy of 94 years of age, based on Colorado's mortality table.[2] *See* Colo. Rev. Stat. § 13-25-103 (2011). The Court finds that a continuance is not necessary because Plaintiff has been especially diligent in securing a substitute expert witness and, as a result, Defendant will not be significantly prejudiced by Professor Allen's testimony.

First, Plaintiff filed her motion only two days after Mr. Hodges' death, by which time Plaintiff had already secured the services of Professor Allen. Plaintiff has promised

---

[2] The Court previously granted Plaintiff's unopposed motion for expedited case handling in consideration of Plaintiff's advanced age. (Doc. # 19.)

to produce an expert witness report by January 10, 2012 and make Professor Allen available for a deposition on any day before the trial.  Furthermore, Plaintiff has agreed that Defendant can prepare a rebuttal to Professor Allen's report, if necessary.  Thus, Defendant will still have opportunity to prepare for Professor Allen's testimony, although discovery will be more condensed than preferable.

Defendant asserts that twenty days is not sufficient time to review Professor Allen's report, prepare for a deposition, and prepare a potential rebuttal expert.  Undoubtedly, substituting Professor Allen for the late Mr. Hodges will require Defendant to act more expeditiously than it may prefer; however, the Court finds that 20 days is ample time for Defendant to fully prepare for Professor Allen's testimony.[3]

Furthermore, Plaintiff has indicated that Professor Allen will be testifying about the same general subject matter as Mr. Hodges would have.  Assuming there is no "meaningful change in testimony," Defendant will suffer little prejudice.  *See Morel*, 259 F.R.D. at 21 (quoting *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001).  As such, the time needed for preparation should not be excessive as the subject matter is not foreign to Defendant.  That said, Mr. Hodges' death should not be a windfall for Plaintiff.  Thus, Professor Allen's opinion should not stray from the subject matter of Mr. Hodges' opinion.  To the extent that Professor Allen covers new

---

[3] The Court observes that the Mr. Hodges' untimely death has also required Plaintiff to act expeditiously.  To the extent that Defendant is prejudiced by the late disclosure of Professor Allen's report, Plaintiff has been at least equally prejudiced.

material in his deposition, Defendant may file a motion to exclude that portion of Professor Allen's opinion.

Accordingly, Plaintiff's Emergency Motion for Leave to Substitute Expert and to Supplement Expert Disclosure Pursuant to Federal Rule of Civil Procedure Rule 26 (Doc. # 110) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must submit an expert witness report to Defendant no later than January 10, 2012. Plaintiff shall make Professor Allen available for deposition immediately thereafter. If necessary, Defendant may submit an expert rebuttal report by January 24, 2012.

DATED: January   05  , 2012

BY THE COURT:

_Christine M Arguello_

_____
CHRISTINE M. ARGUELLO
United States District Judge